UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON PAGE,

        Petitioner,

                                              Case Number: 2:12-CV-11157
v.                                          Honorable Patrick J. Duggan

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION
FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE
A CERTIFICATE OF APPEALABILITY**

On March 5, 2012, Devon Page, a state prisoner currently confined at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2010, Petitioner pleaded guilty to uttering and publishing (two counts), larceny in a building (six counts), identity theft (five counts), and illegal sale or use of a financial transaction device (four counts) in the Circuit Court for Wayne County, Michigan. Petitioner asks for habeas corpus relief claiming the sentencing judge's departure from the sentencing guidelines was unfounded and excessive and her sentences were based on facts neither admitted by Petitioner nor proven to a jury beyond a reasonable doubt. For the reasons set forth below, the Court dismisses the petition.

**I. Procedural Background**

On March 31, 2010, after Petitioner pleaded guilty, the state court sentenced her to

imprisonment for nine to fourteen years on each of the uttering and publishing counts, one to four years on all larceny counts and the illegal sale or use of a financial transaction device counts, and one to five years on each count of identity theft. Following her sentencing, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Court of Appeals denied the application "for lack of merit in the grounds presented." *People v. Page*, No. 302759 (Mich. Ct. App. Mar. 30, 2011). On July 25, 2011, the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Page*, 489 Mich. 993, 800 N.W.2d 85 (2011). Petitioner filed her petition for a writ of habeas corpus with this Court on March 15, 2012, claiming that she is entitled to re-sentencing based on the arguments set forth earlier.

## II. Standard of Review

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standard of review for federal habeas proceedings:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. 2254(d). In short, under §2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

The Supreme Court has provided that under the "contrary to" clause "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 364-65, 120 S. Ct. 1495, 1498 (2000). A federal habeas court may grant the claim under the "unreasonable application" clause "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable." *Id*. at 409, 120 S. Ct. at 1521. The court may not issue a writ "simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411, 120 S. Ct. at 1522.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, – U.S. – , 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7, 117 S. Ct. 2059, 2067 n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 360 (2002) (per curiam)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, – U.S. – , 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 2149 (2004)). Therefore, in order to obtain federal habeas relief, a state prisoner must show that the state court's denial of her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

### III. Analysis

First, Petitioner argues that the trial court departed from the sentencing guidelines without substantial and compelling reasons for doing so. "The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, – U.S. – , 131 S. Ct. 13, 16 (2010)

4

(quoting 28 U.S.C. § 2254(a)). It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102 (1990)).

The requirement that the sentencing court articulate a "substantial and compelling reason" for departure from the sentencing guidelines is found in Michigan, not federal, law. *See* Mich. Comp. Laws § 769.34(3). Whether a state court judge articulates substantial and compelling reasons for departing from the sentencing guidelines therefore is a matter of state law. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *see also Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at *2 (6th Cir. April 21, 1995) (holding that the petitioner was not entitled to habeas relief based on his claim that the trial court failed to articulate the reasons for departing from the sentencing guidelines, as such a claim alleges an error of state and not federal law). "[A] mere error of state law is not a denial of due process." *Swarthout v. Cooke*, – U.S. – , 131 S. Ct. 859, 863 (2011) (internal quotations omitted). Thus, this claim is not cognizable on federal habeas review.

To the extent that Petitioner also is claiming that the state court's departure from the sentencing guidelines constituted cruel and unusual punishment, this claim also is meritless. There exists no constitutional right to strict proportionality in sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 965, 111 S. Ct. 2680, 2686 (1991). However, the Eighth Amendment prohibits "extreme sentences that are 'grossly disproportionate' to the

5

crime." *Id.* at 1001, 111 S. Ct. at 2705 (Kennedy, J. concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288, 303, 103 S. Ct. 3001, 3008, 3016 (1983)). Nevertheless, the Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir. 1995); *see also Hutto v. Davis*, 454 U.S. 370, 374, 102 S. Ct. 703, 705 (1982) (internal citations and quotation marks omitted) ("[F]ederal courts should be reluctant to review legislatively mandated terms of imprisonment . . . successful challenges to the proportionality of particular sentences should be exceedingly rare.")

Petitioner's sentences did not exceed the statutory maximum for her offenses. Petitioner's sentences were not grossly disproportionate to the crime or the offender. Accordingly, Petitioner fails to assert a viable Eighth Amendment violation with respect to her sentences.

Finally, Petitioner argues that her sentences were improperly based upon facts not admitted by her or determined by the jury. In *Blakely v. Washington*, 543 U.S. 296, 124 S. Ct. 2531 (2004), the Supreme Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301, 124 S. Ct. at 2536 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362–63 (2000)). *Blakely* involved a trial court's departure from Washington's determinate sentencing structure. Michigan, in contrast, has an indeterminate sentencing system. The maximum term of imprisonment is set by

law. *See People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (2006). Indeterminate sentencing schemes do not violate the Sixth Amendment by invading the province of the jury, so long as the defendant is sentenced within the statutory maximum. *Blakely*, 542 U.S. at 304–05, 308–09, 124 S. Ct. at 2538, 2540–41.

In this case, the sentencing court did not exceed the statutory maximum for Petitioner's crimes. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. *Montes v. Trombley*, 599 F.3d 490, 497 (6th Cir. 2010); *see also Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009).

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). The Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas relief may be warranted. Therefore, the Court declines to issue a certificate of appealability.

## V.  Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in her petition or a certificate of appealability.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**;

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a certificate of appealability.

Date:  April 11, 2012                     s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copy to:
Devon Page, #763289
Women's Huron Valley Correctional Facility
3201 Bemis Road
Ypsilanti, MI 48197-0911